**SUN OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
**Respondent.**

**No. 20290.**

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1965.

Robert E. May, Washington, D. C., J. Colbert Peurifoy, Dallas, Tex., John A. Ward, III, Philadelphia, Pa., for petitioner.

Howard E. Wahrenbrock, Solicitor, Richard A. Solomon, Gen. Counsel, Peter H. Schiff, Atty., F. P. C., Washington, D. C., for respondent.

Before RIVES and WISDOM, Circuit Judges, and MORGAN, District Judge.

WISDOM, Circuit Judge:

Sun Oil Company petitions under section 19(b) of the Natural Gas Act, 15 U.S.C. § 717r(b), to set aside a letter order of the Federal Power Commission. That order rejected Sun's application for a Certificate of Public Convenience and Necessity and the related proposed rate schedule because the rate schedule contains an impermissible price-changing provision. We decline to disturb the order. Federal Power Commission v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, 12 L.Ed.2d 112, reh. denied 377 U.S. 974, 984, 84 S.Ct. 1881, 12 L.Ed.2d 745, 753 (1964).

\*    \*    \*

Sun, an independent producer of natural gas, contracted on May 1, 1962, to sell gas to Natural Gas Pipeline Co. of America. Section 7 of the Natural Gas Act [1] requires FPC approval before such a sale can be effective. Accordingly, on August 21, 1962, Sun filed its application for a Certificate of Public Convenience and Necessity. At the same time Sun also filed its contract as a proposed rate schedule.

Section 154.93 of the Commission's regulations provides that a filed contract containing price-changing provisions other than certain "permissible" ones "shall be rejected" along with its related certificate application and given no further consideration. Article X of Sun's contract includes a price-renegotiation provision which concededly does not fall within the "permissible" categories. As a result, the Commission summarily rejected the contract and certificate application in a letter order dated October 8, 1962. 28 F.P.C. 561. The Commission denied Sun's application for rehearing of the letter order on December 6, 1962. 28 F.P.C. 949. Sun then instituted this proceeding to set aside the letter order.

In this case, as in Federal Power Commission v. Texaco, supra, petitioner argues that section 154.93 is invalid because it authorized FPC rejection of the rate and certificate applications without a hearing. In Texaco, relying in part on United States v. Storer Broadcasting Co., 1956, 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081, the Court answered this argument. The Court found, first, that the Commission's rule-making power under section 16 of the Natural Gas Act includes the power to establish reasonable conditions for rate and certificate applications under sections 4 and 7 of the Act; second, that a condition proscribing contracts containing certain price-changing provisions is reasonable when tested against the purposes of the Act, Id. 377 U.S. at 42–44, 84 S.Ct. 1105 (compare Superior Oil Company v. Federal Power Commission (9th Cir. 1963) 322 F.2d 601, 618–619 (Hamley, J.), cert. denied, 377 U.S. 922, 84 S.Ct. 1219, 12 L.Ed.2d 215); third, that the Commission's promulgation of section 154.93 was an exercise of its rule-making power and that therefore section 7 of the Natural Gas Act and section 5 of the Administrative Procedure Act—both of which provide for hearings in cases of *adjudication*—were not applicable to petitioner's case; and, fourth, that the Commission followed proper procedure in promulgating section 154.93 since it allowed interested parties to submit written data, views, and arguments in accordance with the Administrative Procedure Act, section 4(b).

The effect of Texaco is to permit the FPC to reject at the threshold certificate and rate applications containing impermissible price-changing provisions and thereby avoid hearings on the merits of numerous such applications. It is unusual, if not unprecedented, for the Supreme Court to uphold the application of a regulation adopted under a general rule-making power where the effect is to

---

1. 15 U.S.C. 717f(a).

deny a hearing that would otherwise arise in a statutory adjudication. Fuchs, Agency Development of Policy Through Rule-Making, 59 Nw.U.L.Rev. 781, 786 (1965). See also Davis, 1 Administrative Law Treatise § 7.01 (Supp.)

We note that in Texaco, as in Storer, the opinion indicates that section 154.93 does not foreclose an applicant's right to a traditional oral, adversary-type hearing in every case where the contract filed as a proposed rate .schedule contains a price-changing provision not "permissible" within the terms of the regulation. Another regulation authorizes an applicant to apply for waiver of section 154.93 in its application to him.[2] "Facts might conceivably be alleged sufficient on their face to provide a basis for waiver of the price-clause rules and for a hearing on the matter." Federal Power Commission v. Texaco, Inc., 377 U.S. 40–41, 84 S.Ct. 1110; Cf. United States v. Storer Broadcasting Co., 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081 (1956).

However, in this case Sun did not ask for a waiver. And Sun did not contest the Commission's finding that the price-renegotiation provision in Article X of Sun's contract was impermissible within section 154.93 of the Regulations. Since Sun's contentions attack only the validity of the regulation and the Commission's procedure in promulgating it, there is nothing here that the Supreme Court did not decide in the Commission's favor in Texaco.

The order of the Commission rejecting Sun's rate and certificate applications is affirmed.

---

**2.** Regulation § 7(b), 18 CFR (Cum.Supp. 1963) § 1.7(b) provides in relevant part: "A petition for the issuance, amendment, waiver or repeal of a rule by the Commission shall set forth clearly and concisely petitioner's interest in the subject matter, the specific rule, amendment, waiver, or repeal requested, and cite by appropriate reference the statutory provision or other authority therefore. If a rate filing is accompanied by a request for waiver pursuant to this section the 30-day notice period provided in section 4(d) of the Natural Gas Act and section 205(d) of the Federal Power Act shall begin to run if and when the Commission grants the request. Such petition shall set forth the purpose of, and the facts claimed to constitute the grounds requiring, such rule, amendment, waiver, or repeal, and shall conform to the requirement of § 1.15 and 1.16. Petitions for the issuance or amendment of a rule shall incorporate the proposed rule or amendment."